UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

KENDRA L. MCMILLAN

    Plaintiff,

v.

AIG PREFERRED INSURANCE COMPANY
n/k/a TRISURA INSURANCE COMPANY,

    Defendants.
_____/

## NOTICE OF REMOVAL

Defendant, AIG PREFERRED INSURANCE COMPANY n/k/a TRISURA INSURANCE COMPANY ("AIG PREFERRED") hereby gives Notice of Removal of the action styled *KENDRA L. MCMILLAN vs. AIG PREFERRED INSURANCE COMPANY n/k/a TRISURA INSURANCE COMPANY,* Case No. 2020-CA-10556-O from the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, to the United States District Court for the Middle District of Florida, Orlando Division. As evidence supporting removal, AIG PREFERRED states as follows:

### FACTS SUPPORTING REMOVAL

1. AIG PREFERRED is the Defendant in a civil action in the Circuit Court in Orange County, Florida styled *KENDRA L. MCMILLAN vs. AIG PREFERRED INSURANCE COMPANY N/K/A TRISURA INSURANCE COMPANY,* Case No. 2020-CA-10556-O. *The Summons and Plaintiff's Complaint are attached as Exhibit 1.*

2. On October 21, 2020, the Plaintiff filed the above-styled lawsuit in the Circuit Court in Orange, Florida. The Summons and Complaint were served on the Defendant, AIG PREFERRED on October 28, 2020. *See attached State Court Docket marked as Exhibit* 2.

3. At all times material hereto, the Plaintiff, KENDRA L MCMILLAN was and is a resident of Port St. Lucie County, Florida and a citizen of and domiciled in the state of Florida. ¶ 4.

4. At all times material hereto, AIG PREFERRED was and is a Pennsylvania corporation with its principal place of business in Wilmington, Delaware. *See attached Affidavit of Karl E. Sturge marked as Exhibit 3.*

5. Plaintiff's Complaint sets forth a cause of action for Common Law Bad Faith (Count I) against AIG PREFERRED.

6. Plaintiff's Complaint alleges that on or about October 21, 2007, Plaintiff, KENDRA L. MCMILLAN was involved in a motor vehicle accident with Bryan C. Smith. ¶ 7.

7. Plaintiff's Complaint alleges that KENDRA L. MCMILLAN suffered significant and permanent injuries as a result of the accident. ¶ 8.

8. Plaintiff's Complaint alleges that Bryan C. Smith was insured under a policy of insurance issued by the Defendant, AIG PREFERRED, Policy #2756628, which provided automobile bodily injury coverage with limits in the amount of $100,000.00 per person/$300,000 per accident which was in full force and effect on the date of the aforementioned accident.

9. Plaintiff's Complaint alleges that KENDRA L MCMILLAN sued Bryan Smith after three years of efforts to resolve the matter amicably failed. ¶ 9.

10. Plaintiff's Complaint alleges that KENDRA L MCMILLAN obtained a jury verdict against the Estate of Bryan C. Smith in the amount of $233,054.61 which was reduced by a prior settlement with Kevin Smith to $133,054.61. ¶ 12

11. Plaintiff's Complaint alleges that AIG PREFERRED had a duty to use the same degree of care and diligence in the investigation and resolution of Ms. McMillan's claims against Bryan C. Smith as a person of ordinary care and prudence should exercise in the management of his or her business. ¶ 15

12. Plaintiff's Complaint alleges that AIG PREFERRED owed a duty to place Bryan C. Smith's interest above its own and to protect him and his family against personal liability arising from Ms. McMillan's claim. ¶ 16.

13. Plaintiff's Complaint alleges that AIG PREFERRED had a duty to settle Ms. McMillan's claim against Bryan C. Smith when it could and should have done so if it were acting fairly and with due regard for its insured's interests. ¶ 17.

14. Plaintiff's Complaint alleges that AIG PREFERRED breached these duties by wrongfully refusing to settle Ms. McMillan's claim within the policy limits. ¶ 18.

15. Plaintiff's Complaint further alleges that as a direct and proximate cause of AIG PREFERRED 's breach of its duties under the policy, AIG PREFERRED's insureds suffered significant damages including but not limited being subject to liability for a judgment in excess of the policy limits. ¶ 12, 19.

16. Plaintiff's Complaint explicitly sets forth allegations that the damages they are seeking from AIG PREFERRED is $133,054.61 and consequently, the amount in controversy between the parties clearly and explicitly exceeds $75,000. ¶ 19.

17. Additionally, Plaintiff's Complaint alleges that the Plaintiff, KENDRA L MCMILLAN was and is a resident of Port St. Lucie County, Florida and a citizen of and domiciled in the state of Florida. ¶ 4.

18. Plaintiff's Complaint alleges that AIG PREFERRED is a foreign corporation with its principal place of business in Wilmington, Delaware and is authorized and doing business in Palm Beach County, Florida. ¶ 5.

19. On October 21, 2020, the Plaintiff filed the above-styled lawsuit in the Circuit Court in Orange, Florida. The Summons and Complaint were served on the Defendant, AIG PREFERRED on October 28, 2020. *Exhibit 1*.

20. By way of this Notice of Removal, AIG PREFERRED is properly and timely removing this case to this Court within 30 days from the date of service of the Summons and Complaint as the Plaintiffs' Complaint as the Plaintiff's Complaint has adequately plead the citizenship of the parties and the amount in controversy required to establish diversity jurisdiction under 28 U.S.C. § 1332.

21. AIG PREFERRED filed its Notice of Removal within 30 days from the date that it was able to first ascertain that this case was one which has become removable in accordance with 28 U.S.C. § 1446(b).

22. True and legible copies of the docket, all process, pleadings, and other papers filed in the state court proceedings were submitted herewith as required by 28 U.S.C. §1446(a). *Copies of these documents are attached as Composite Exhibit 4*.

23. Contemporaneously, with the filing of this Notice of Removal, AIG PREFERRED paid the removal fee.

## **REMOVAL IS PROPER BECAUSE THERE IS DIVERSITY JURISDICTION**

Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because this action is between citizens of different states and the amount in controversy, exclusive of interest, attorneys' fees and costs, exceeds $75,000. "If a state-court complaint states a case that satisfies federal jurisdictional requirements, a defendant may remove the action to federal court pursuant to 28 U.S.C. 1446(b)." *Roe v. Michelin N. Am.,* 613 F.3d 1059 (11th Cir. 2010). This Court has jurisdiction when the citizenship of the plaintiffs is diverse from that of the defendants and the amount-in-controversy exceeds $75,000. 28 U.S.C. § 1332(a). The Plaintiff's action is one in which this Court has original jurisdiction under 28 U.S.C. § 1332. The action may be removed to this Court by the Defendant pursuant to 28 U.S.C. §§ 1441 and 1446, in that: (A) This is an action between citizens of different states; and (B) This is a civil action in which the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

### A.   **Complete diversity of citizenship exists between the Plaintiff and Defendant**

"Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998). A corporation is considered a citizen of every state in which it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Complete diversity of the parties is present because Plaintiff qualifies as a citizen of the state of Florida while the Defendant is incorporated in the state of Pennsylvania and maintains its principal place of business in Wilmington, Delaware. Consequently, Defendant is a citizen of the states of Pennsylvania and Delaware and diversity of citizenship between the parties is therefore complete. *Lincoln Prop. Co. v. Roche,* 546 U.S. 81 (2005) (defendants may remove an action on the basis of diversity of

citizenship if there is complete diversity between all named parties and all named defendants and no defendant is a citizen of the forum state).  Thus, Plaintiff's citizenship is diverse from Defendant, satisfying the first prong of federal jurisdictional requirements pursuant to 28 U.S.C. 1446(b).

      B.    **The preponderance of the evidence establishes that the amount in controversy in this action exceeds $75,000, and that removal was timely.**

Plaintiff's Complaint does not specify an amount of damages they seek to recover in this cause of action for common law bad faith.  However, the Plaintiff's Complaint explicitly states, throughout the allegations, that she is seeking damages in excess of the bodily injury policy limits of $100,000.  Specifically, Plaintiff's Complaint alleges that Bryan Smith was insured under a policy of insurance issued by the Defendant, AIG PREFERRED   which provided automobile bodily injury coverage with limits in the amount of $100,000.00 per person/$300,000 per accident. Plaintiff' Complaint alleges that the Defendant's breached the contract of insurance it had with its insureds based upon its alleged failure to settle the Plaintiff's claim within the policy limits. Plaintiff's Complaint further alleges that based upon the Defendant, AIG PREFERRED 's alleged failure to settle the claim within the policy limits has caused AIG PREFERRED's insureds to suffer significant damages including but not limited being subject to liability for a judgment in excess of the policy limits. Plaintiff's Complaint alleges that KENDRA L MCMILLAN obtained a jury verdict against the Estate of Bryan C. Smith in the amount of $233,054.61 which was reduced by a prior settlement with Kevin Smith to $133,054.61.  Based upon the foregoing, Plaintiffs' Complaint explicitly sets forth allegations

that the damages they are seeking from the Defendant and the amount in controversy between the parties clearly exceeds $75,000.

Removal of this case from State Court was accomplished on November 23, 2020 within the 30 day window for proper removal.

## CONCLUSION

WHEREFORE, Defendant requests that the case styled in *KENDRA L MCMILLAN vs. AIG PREFERRED INSURANCE COMPANY N/K/A TRISURA INSURANCE COMPANY,* Case No. 2020-CA-10556-O be removed from the Circuit Court of the Ninth Judicial Circuit in and for Orange County to this Court.

Respectfully submitted,

By: /s/ *Karl E. Sturge*
**Karl E. Sturge, Esq.** (FBN: 911526)
Email: ksturge@marlowadler.com
**MARLOW ADLER ABRAMS NEWMAN & LEWIS**
4000 Ponce de Leon Boulevard, #570
Coral Gables, FL 33146
Telephone: (305) 446-0500
Facsimile: (305) 446-3667
*Attorneys for Defendant, AIG PREFERRED*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing has been filed via the CM/ECF System this 23rd day of November 2020, and a true and correct copy will be served upon the parties listed below via e-mail.

By: /s/ *Karl E. Sturge*
**Karl E. Sturge, Esq.** (FBN: 911526)
Email: ksturge@marlowadler.com

**SERVICE LIST**
**KENDRA L MCMILLAN v. AIG PREFERRED INSURANCE COMPANY**
**n/k/a TRISURA INSURANCE COMPANY**

**Stephen A Marino Jr., Esq.**
smarino@vpm-legal.com
smcgee@vpm-legal.com
**Maria E. Dennison, Esq.**
Mdennison@vpm-legal.com
cmiller@vpm-legal.com
memanuel@vpm-legal.com
Ver Ploeg & Marino, P.A.
301 E. Pine Street, Suite 790
Orlando, Florida 32801
*Counsel for Kendra L. McMillan*
*Via Electronic Mail*